United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 22-13184-WJ |
| Eduardo Meza | Chapter 7 |
| Bertha Meza | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-6 | User: admin | Page 1 of 1 |
| Date Rcvd: Jan 12, 2023 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 14, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Eduardo Meza, Bertha Meza, 433 Diamond Way, Perris, CA 92571-3455 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 14, 2023              Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 12, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Benjamin Heston | on behalf of Joint Debtor Bertha Meza bhestonecf@gmail.com benheston@recap.email,NexusBankruptcy@jubileebk.net |
| Benjamin Heston | on behalf of Debtor Eduardo Meza bhestonecf@gmail.com benheston@recap.email,NexusBankruptcy@jubileebk.net |
| Howard B Grobstein (TR) | hbgtrustee@gtllp.com C135@ecfcbis.com |
| United States Trustee (RS) | ustpregion16.rs.ecf@usdoj.gov |

TOTAL: 4

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address<br><br>NEXUS_BANKRUPTCY<br>BENJAMIN HESTON (297798)<br>100 Bayview Circle #100<br>Newport Beach, CA 92660<br>Tel: 951-290-2827<br>Fax: 949-288-2054<br>ben@nexusbk.com<br><br>☐ *Debtor appearing without attorney*<br>☒ *Attorney for: Debtors* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>JAN 12 2023<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** gooch    **DEPUTY CLERK** |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| In re:<br><br>EDUARDO MEZA and<br>BERTHA MEZA,<br><br>              Debtors. | CASE NUMBER: 6:22-bk-13184-WJ<br><br>CHAPTER: 7<br><br>**ORDER DENYING DEBTOR'S MOTION TO AVOID LIEN UNDER**<br>**11 U.S.C.§ 522(f) (REAL PROPERTY)** |
|---|---|

Creditor Holding Lien to be Avoided*:* GCFS, Inc.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 1    **F 4003-2.1.AVOID.LIEN.RP.ORDER**

Pursuant to 11 U.S.C. § 522(f) and LBR 9013-1(o), the debtors have filed a motion to avoid a judicial lien of GCFS, Inc. on real property claimed to be exempt (docket entry number 21).  The motion is hereby denied without prejudice for the following reasons:

1.  The evidence of value is insufficient.  Although there may be more than one way to cure this defect, the best course of action is to submit an appraisal with a declaration of the appraiser which discusses the appraiser's credentials, provides an opinion of value and authenticates the written appraisal.

2.  The exhibits to the motion have not been authenticated.

3.  Service of the motion is insufficient.

   a)   Rule 4003-2(c)(1) of the Local Bankruptcy Rules ("L.B.R.") requires service that complies with Rule 7004 of the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") which (among other things) requires service upon the creditor.  Service upon the attorney for the creditor (only) does not satisfy F.R.B.P. Rule 7004.  Beneficial Cal., Inc. v. Villar (In re Villar), 317 B.R. 88, 93 (9th Cir. BAP 2004) (holding that service of a section 522(f) motion does not comply with Rule 7004(b)(3) when the debtor failed to serve the creditor but did serve the attorney for the holder who represented the creditor in state court and obtained the judgment and judgment lien against the debtor); see also In re Bolden, 2014 Bankr. LEXIS 699 (Bankr. M.D.N.C. 2014) (holding that service of a 522(f) motion upon a creditor at "Main Street Acquisition Corp., 3715 Davinci Court, Suite 200, Norcross, GA 30092" did not comply with Rule 7004(b)(3) and the additional service upon counsel for the creditor was insufficient).

   b)   The motion seeks to avoid a lien pursuant to section 522(f) but, according to the proof of service, the motion was not served upon any officer of the lienholder (or any other individual).  Pursuant to F.R.B.P. Rule 7004(b)(3) and 7004(h), a moving party must serve the appropriate named officer of the lienholder.  Service that is not upon an officer is void.  Beneficial Cal., Inc. v. Villar (In re Villar), 317 B.R. 88, 93 (9th Cir. BAP 2004) (reversing an order granting lien avoidance under section 522(f) and holding that service of a 522(f) motion upon "Beneficial, P.O. Box 60101, City of Industry, CA 91716-0101" did not comply with Rule 7004(b)(3) and stating that "service was insufficient under the plain words of Rule 7004(b)(3).  In order to assure that the party being served is apprised of the pendency of an action, valid service requires more than to address the document to a post office box."); Jacobo v. BAC Home Loans Servicing LP, 477 B.R. 533 (D.N.J. 2012) (holding that a confirmed chapter 13 plan which sought to cramdown a mortgage on real property was not binding upon the secured creditor because the debtor failed to serve an officer as required by Rule 7004(h) and, instead, only served the creditor as follows: "BAC Home Loans/Countrywide 450 American Street, #SV416 Simi Valley, CA 93065, and Bank of America, 4161 Piedmont Pkwy NC4-105-01-34, Greensboro, NC 27410-8119."); York v. Bank of America, N.A. (In re York), 291 B.R. 806, 811 (Bankr. E.D. Tenn. 2003) (holding that "the original summons was not addressed to an officer by either name or title. As a result, it was not proper service under Rule 7004(b)(3)."); Braden v. General Motors Acceptance Corp., 142 B.R. 317, 318 (Bankr. E.D. Ark. 1992) (holding that service of a complaint by a debtor upon "the defendant General Motors Acceptance Corporation . . . at 'P.O. Box 988, Blytheville, AR 72315'" failed to comply with Rule 7004(b)(3)); see also In re Bolden, 2014 Bankr. LEXIS 699 (Bankr. M.D.N.C. 2014) (holding that service of a 522(f) motion upon "Main Street Acquisition Corp., 3715 Davinci Court, Suite 200, Norcross, GA 30092" did not comply with Rule 7004(b)(3) because no officer or individual was served); In re St. Louis, 2013 Bankr. LEXIS 3397 (Bankr. W.D. Tex. 2013) (holding that the debtor failed to comply with Rule 7004 when it served an objection to a claim as follows: "Home Loan Services, Inc. c/o Home Loan Services, Inc., PA9150-01-01, at 150 Allegheny Center, Pittsburgh, PA 15212" because no officer or individual was served); In re Smith, 2012 Bankr. LEXIS 6174, *13 (Bankr. E.D. Cal. 2012) (holding that a debtor who served a motion to extend the automatic stay failed to comply with Rule 7004(h) because the debtor served the motion upon "'Wells Fargo Home Mortgage/ACS' by First Class Mail, not addressed to the attention of an officer, and sent to a Post Office Box in Des Moines, Iowa."); In re Sunde, 2007 Bankr. LEXIS 3704, *5 (Bankr. W.D. Wis. 2007) (holding that service of an objection to claim to "Glen E. Johnson Construction, 634 Commerce Drive, Hudson, WI 54016-9178" did not satisfy Rule 7004(b)(3) – even though the movant used precisely the information listed in the proof of claim – because the debtor failed to serve it upon an officer or agent); In re Sun Healthcare Group, Inc. v. Mead Johnson Nutritional (In re Sun Healthcare Group, Inc.), 2004 Bankr. LEXIS 572, *18 (Bankr. D.Del. 2004) (granting a motion to set aside default judgments because the debtor plaintiff did not serve an officer of the defendant and only used a post office box and stating "the Debtors have admitted serving Mead only at P.O. Box 751735, Charlotte, NC 28275, without addressing the documents to the attention of any officer, managing or general agent of Mead. Mead asserts that this address is a lockbox to receive payments, which is maintained and administered by a bank . . . Failure to address the service of process to the attention of an officer or agent of Mead violates the statutory requirements of Bankruptcy Rule 7004(b)(3).").

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                                        Page 2                        **F 4003-2.1.AVOID.LIEN.RP.ORDER**

   c) The motion seeks to avoid a lien pursuant to section 522(f) but, according to the proof of service, the moving party served the "Legal Department of GCFS, Inc."  The motion was served upon an unnamed officer which does not comply with the applicable rules.  Pursuant to F.R.B.P. Rule 7004(b)(3) and 7004(h), a moving party must serve the appropriate named officer of the lienholder.  Service that is not upon a named officer is not valid. In re Schoon, 153 B.R. 48 (Bankr. N.D. Cal. 1993) (denying a motion to avoid a lien under section 522(f) that was served upon "Attn: President"); In re Franchi, 451 B.R. 604 (Bankr. S.D. Fla. 2011) (denying a motion to avoid a lien because the debtor improperly served it upon "Any Officer Authorized to Accept Service" and holding that "service under Rule 7004(h) is not effected by serving an unnamed title or using language such as 'any other officer or agent entitled to receive service.'  Service under Rule 7004(h) must be upon a named officer of the institution unless one of the three enumerated exceptions in that Rule apply."); Addison v. Gibson Equip. Co. (In re Pittman Mechanical Contractors), 180 B.R. 453 (Bankr. E.D. Va 1995) (following Schoon and granting a motion to set aside a default judgment because the summons and complaint were improperly served upon "Attn: President or Corporate Officer"); In re Golden Books Family Entertainment, 269 B.R. 300, 305 (Bankr. D.Del. 2001) (holding that service upon an unnamed "Asst. Controller" does not comply with F.R.B.P. Rule 7004(b)(3) because the "notice documents were deficient because, among other things, they failed to address any of the copies of the notice to a person of authority or to a person authorized to accept service."); Saucier v. Capitol One (In re Saucier), 366 B.R. 780, 784 (Bankr. N.D. Ohio 2007) (citing Schoon and holding that a debtor who served a complaint upon "Capitol One" upon an "office manager" at a post office box failed to comply with the requirements of F.R.B.P. Rule 7004(b)(3) because "it has been generally held that this type of generic heading is insufficient to effectuate proper service under the Rule."); see also Faulknor v. Amtrust Bank (In re Faulknor), 2005 Bankr. LEXIS 60, *5 (Bankr. N.D. Ga. 2005) (holding that service of a motion to redeem a car which was served to "Attn: President" did not satisfy F.R.B.P. Rule 7004(h) because "service of the motion to redeem to the attention of an officer, without specifically naming the individual, fails to comply with Rule 7004 and the constitutional requirements of due process."); In re Roby, 2006 Bankr. LEXIS 4336 (Bankr. D.Md. 2006) (holding that a motion by the chapter 13 trustee to disallow a claim that was served by the trustee upon the "president" of the creditor did not satisfy Rule 7004(b)(3)).

  For example in Schoon, the debtor filed a motion to avoid a lien pursuant to section 522(f) and served the creditor as follows: "HOMEOWNERS LUMBER CO, INC., Attn: President, 409 Petaluma Blvd South, Petaluma, CA 94952."  The court held this service did not comply with F.R.B.P. Rule 7004(b)(3) and stated as follows:

> "The creditor did not file opposition to the motion within the time allowed, and the debtors now seek entry of an order avoiding the lien by default. The sole issue before the court is whether the motion was properly served. The court determines that the motion was not served properly, and accordingly will not enter the order.

> "Rule 4003(d) of the Federal Rules of Bankruptcy Procedure provides that a motion by a debtor to avoid a lien under section 522(f) is a contested matter governed by Rule 9014. Rule 9014 requires that a contested matter be served in the same manner as a summons and complaint as set forth in Rule 7004. Rule 7004(b)(3) provides that if a summons and complaint are served by mail on a corporation, they must be mailed to the attention of an officer or agent of the corporation. The debtors take the position that their service is proper under the rule; the court disagrees.

> "Nationwide service of process by first class mail is a rare privilege which can drastically reduce the costs and delay of litigation.  As a privilege, it is not to be abused or taken lightly. Where the alternative to service by mail is hiring a process server to serve the papers in person, it seems like a small burden to require literal compliance with the rule.  By addressing the envelope "Attn: President" the debtors did not serve an officer, they served an office.  While service of an office is permitted to effect service on other types of entities (e.g. service on a municipality pursuant to Rule 7004(b)(6)), it is not a means of valid service on corporations under Rule 7004(b)(3).

> "Allowing service in the manner argued here by the debtors makes a joke of the requirement that an officer be served; it takes no more work, just an additional line on the envelope.  However, the Rule requires that an officer be served in order to insure that the corporation is put on notice that it is liable to lose valuable rights.  Where the procedure outlined in a Rule is less formal than the procedure it replaces, it should be strictly construed.  The court

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017* Page 3 **F 4003-2.1.AVOID.LIEN.RP.ORDER**

finds that the method of service employed by the debtors does not meet the requirements of Rule 7004(b)(3), and fails to meet minimum due process requirements.

> "This ruling is hardly a disaster for movants or plaintiffs in bankruptcy litigation; it merely requires a little extra effort to determine the name of the president or other officer and make sure the envelope is addressed to him or her, by name. This is a small price to pay to avoid having to effect personal service."

Id. at 49.

If a new motion is filed, the moving party should serve, at a minimum, the following: (1) the attorney listed on the abstract of judgment (Gilbert Wilkes IV) at the address on the abstract of judgment, (2) both attorneys (Brighton Hushing-Kline and Gary Bemis) listed on the notice of renewal of judgment, (3) upon an officer of the creditor at the address listed in paragraph 3 of the abstract of judgment and (4) the agent for service of process listed on the California Secretary of State website for business searches (GCFS, Inc., c/o Nancy Edrington, agent for service of process, 4301 Secondwind Way, Paso Robles, CA 93446).

4. If a new motion is filed, the following general matters should be considered whenever any section 522(f) motion is filed:

    a) Use the Court forms for 522(f) lien avoidance motions such as F 4003-2.1.AVOID.LIEN.RP.MOTION, F 4003-2.2.AVOID.LIEN.PP.MOTION, etc.

    b) L.B.R. Rule 4003-2(c)(1) requires service that complies with F.R.B.P. Rule 7004 which (among other things) requires service upon the creditor. The moving party should serve both the creditor and counsel of record. Serving counsel for a lienholder only is not sufficient. See L.B.R. Rule 4003-2(c)(2) and F.R.B.P. Rule 7004(b); Beneficial Cal., Inc. v. Villar (In re Villar), 317 B.R. 88, 93 (9th Cir. BAP 2004) (holding that service of a section 522(f) motion does not comply with F.R.B.P. Rule 7004(b)(3) when the debtor failed to serve the creditor but did serve the attorney who represented the creditor in state court and obtained the judgment and judgment lien against the debtor).

    c) When serving the creditor, serve the creditor at the address in the abstract of judgment and, in addition, the agent for service of process for the creditor (which can usually be obtained from the California Secretary of State website). See, e.g., F.R.B.P. Rule 7004(b)(3) & (8).

    d) When serving counsel for the creditor, use the address on the abstract of judgment and, if known, any more recent addresses. If the identity of counsel has changed, serve the attorney identified in the abstract as well as new counsel.

    e) Entities insured by the Federal Deposit Insurance Corporation must also be served in the additional manner required by F.R.B.P. Rule 7004(h).

    f) If the creditor has filed a proof of claim, serve the creditor at the designated address on the proof of claim (in addition to the other service listed above). See F.R.B.P. Rule 2002(g)(1)(A).

    g) Serve the motion upon all lienholders and each attorney for each lienholder. See L.B.R. Rule 4003-2(c)(2).

    h) When serving businesses pursuant to F.R.B.P. Rule 7004(b)(3) or 7004(h) or other applicable rules, do not serve unnamed officers. Officers must be served by name. See In re Schoon, 153 B.R. 48 (Bankr. N.D. Cal. 1993).

    i) Attach a recorded copy of the abstract of judgment to the motion.

    j) Submit a declaration with the motion that authenticates all exhibits to the motion.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*     Page 4     **F 4003-2.1.AVOID.LIEN.RP.ORDER**

       k)       Paragraph 10 of the motion should list all liens encumbering the property (not simply the senior liens and the lien to be avoided).

       l)       The most effective method for submitting evidence of the value of real property is to submit an appraisal with a declaration of the appraiser which discusses the appraiser's credentials, provides an opinion of value and authenticates the written appraisal.

IT IS SO ORDERED.

###

Date: January 12, 2023

Wayne Johnson
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*       Page 5      **F 4003-2.1.AVOID.LIEN.RP.ORDER**